

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | Criminal Action No.: 3:14-00808-MGL |
| § | |
| LINDA MARIE HENRY and MAKESHIA § | |
| GLOVER, § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

## I.  INTRODUCTION

Pending before the Court is Defendants Linda Marie Henry (Henry) and Makeshia Glover's (Glover) pro se motions to reduce their sentences. Having carefully considered the motions, the response, the record, and the applicable law, it is the judgment of the Court both Henry's and Glover's motions to reduce their sentences will be denied.

## II.  PROCEDURAL HISTORY

The grand jury indicted Henry on one count of conspiracy to commit mail fraud, wire fraud, or bank fraud in violation of 18 U.S.C. § 1349, eight counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 1342, one count of wire fraud in violation of 18 U.S.C. §§ 1343 and 1342, two counts of fraudulent claims in violation of 18 U.S.C. § 287, and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). The grand jury indicted Glover on one

count of conspiracy to commit mail fraud, wire fraud, or bank fraud in violation of 18 U.S.C. § 1349, one count of mail fraud in violation of 18 U.S.C. §§ 1341 and 1342, and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). The indictment included a forfeiture count for Henry, Glover, and their three co-defendants.

The Court held a seven-day jury trial for all defendants. Both Henry and Glover were found guilty on all charged counts. On April 1, 2016, the Court sentenced both Henry and Glover to a term of imprisonment of eighty-seven months and a term of supervised release of five years. The Court imposed a special assessment of $300 on Glover and $1300 on Henry. Finally, the Court imposed on both Henry and Glover forfeiture of certain property and restitution of $1,983,831.62 jointly and severally along with their co-defendants.

Both Henry and Glover filed the immediate pro se motions for sentence reductions based on amendments to the sentencing guidelines and the government responded in opposition.

## III. DISCUSSION AND ANALYSIS

A court may modify a term of imprisonment of a prisoner under only specific circumstances. First, a court can modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the defendant or within fourteen days of the sentence when there is a clear error in the sentence). Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Finally, the Court may reduce a sentence "upon motion of the Director of the Bureau of Prisons . . . [provided the Court] finds that . . . extraordinary and compelling reasons warrant such a reduction . . . or . . . the defendant is at least 70 years of age, and has served at least 30 years in prison." 18 U.S.C. § 3582(c)(1)(A). A defendant can bring a motion under § 3582(c)(1)(A) on her own accord only after she "has fully exhausted all administrative rights of appeal [of] a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.*

There is no assertion §§ 3582(c)(1)(A) or 3582(c)(1)(B) apply. Henry and Glover solely assert a change to the sentencing guidelines, citing to Amendment 794, issued by the Sentencing Commission in November 2015. Because this amendment predates the Court's sentencing of Henry and Glover, this is not a subsequent change permitting modification of a sentence. *See* 18 U.S.C. § 3582(c)(2). Accordingly, the Court lacks the ability to consider the motions for reconsideration of the sentences.

IV. **CONCLUSION**

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Henry's and Glover's motions to reduce their sentence are **DENIED.**

**IT IS SO ORDERED.**

Signed this 14th day of January 2020 in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE